

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2009

# In Re: Ishmael Pray

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Ishmael Pray " (2009). *2009 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3472
_____

IN RE: ISHMAEL PRAY,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-08-cv-03541)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion file: October 9, 2009)
_____

OPINION
_____

PER CURIAM.

On August 21, 2009, Ishmael Pray filed this pro se petition seeking

mandamus relief.  For the reasons that follow, we will deny the petition.

On July 7, 2008, Pray filed in the District Court a motion to vacate his

sentence pursuant to 28 U.S.C. § 2255.  On January 7, 2009, the District Court ordered

the government to respond to Pray's motion within forty-five days.  After receiving no

1

response or opposition, Pray moved the District Court to rule on his motion on March 13, 2009. The District Court did not issue a ruling and Pray filed his mandamus petition in this Court in August 2009.

On September 23, 2009, the government filed its opposition to Pray's § 2255 motion in the District Court. Despite this delay, the District Court may now consider the government's response to Pray's arguments and issue its ruling on his § 2255 motion. As such, intervention by this Court in the form of mandamus relief is not warranted at this time. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976) ("[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations"); see also In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). Accordingly, Pray's petition for writ of mandamus is denied.